UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
IN SUK CHAI, SUKJA KIM, WON JOO DO,
and YEONG CHAN KANG,

                        Plaintiffs,                        **MEMORANDUM & ORDER**
                                                                                    13-CV-00746 (MKB)
            v.

BIG BOY COACH, INC. and YOUNGHUE KO,

                        Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs In Suk Chai, Sukja Kim, Won Joo Do and Yeong Chan Kang filed the above-captioned action against Defendants Big Boy Coach, Inc. and Younghue Ko on December 27, 2012, in the Supreme Court of the State of New York, Queens County, seeking monetary damages for injuries suffered as the result of a motor vehicle accident. On February 6, 2013, Defendants filed a petition removing the action from the Supreme Court of the State of New York to this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs moved to remand the case back to the Supreme Court of New York, Queens County. Defendants oppose the motion and seek leave to file a motion to transfer venue to the United States District Court for the District of New Hampshire. For the reasons set forth below, the Court grants Plaintiffs' motion and remands the case to the Supreme Court of New York, Queens County. The Court denies Defendants' motion to transfer venue to the District of New Hampshire.

I.  **Background**

On March 21, 2011, Plaintiffs were passengers on a charter bus owned by Big Boy Coach, Inc. and operated by Ko.  (Compl. ¶¶ 4–5, 7.)  While traveling southbound on I-93 through the State of New Hampshire, the bus hit a median and overturned.  (*Id.* ¶¶ 10, 12.)  Plaintiffs allege that the accident and Plaintiffs' resulting injuries were caused by Defendants' negligence.  (*Id.* ¶¶ 15–16.)  Defendants deny any wrongdoing and contend that the injuries sustained by Plaintiffs were the result of Plaintiffs' negligence.  (Answer ¶¶ 1–3, 5.)

Plaintiffs commenced this action on December 27, 2012, in the Supreme Court of the State of New York, Queens County.  (Compl. ¶ 1.)  Defendants submitted an Answer on February 22, 2013, disputing all claims against them and alleging, among other defenses, contributory negligence and assumption of risk on the part of Plaintiffs.  (Answer ¶¶ 3–5, 10.)  Prior to submitting their Answer to the Complaint, on February 6, 2013, Defendants filed a Petition for Removal from the Supreme Court of the State of New York to the United States District Court for the Eastern District of New York.  (Defs. Pet. of Removal.)  On March 5, 2013, Plaintiffs sought to remand the case back to the Supreme Court of New York, Queens County.  (Pls. Remand Ltr.)  Defendants seek to transfer venue to the United States District Court for the District of New Hampshire.  (Defs. Transfer Ltr.)

Plaintiffs are residents and citizens of South Korea.  (Compl. ¶ 1.)  Defendants are both citizens of New York State.  (Defs. Pet. of Removal ¶¶ 6, 7.)  Because Defendants are citizens of New York, the state in which the matter was commenced, Plaintiffs argue that 28 U.S.C. § 1441(b)(2), which prohibits removal if any properly joined party is a citizen of the state where the action was commenced, precludes this Court from exercising jurisdiction.  Defendants do not dispute that they are citizens of New York, nor do they directly dispute that 28 U.S.C.

§ 1441(b)(2) applies.  Rather, Defendants argue that "judicial economy, convenience and fairness all militate" the exercise of the Court's discretion to transfer the case to the District of New Hampshire rather than remand the case to New York State Supreme Court.  (Defs. Transf. Mem. 3.)

## II.  Primacy of the Motions

Before assessing the merits of the motions, the Court must address the question of which motion should be decided first, the motion to remand the action to the state court or the motion to transfer venue to the District of New Hampshire.  "Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."  *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996).  Based on Second Circuit caselaw and the decisions of other district courts in this Circuit, the Court concludes that the motion to remand to the state court must be decided before the motion to transfer venue to the District of New Hampshire.  *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("Because a holding that the district court lacked removal jurisdiction would end our inquiry, we first address the district court's denial of [plaintiff's] motion to remand the case to state court for lack of jurisdiction."); *see also Gibraltar Trading Corp. v. PMC Specialties Group, Inc.*, 851 F. Supp. 2d 437, 442 (E.D.N.Y. 2011) ("Since this court lacks subject matter jurisdiction over the instant matter, no order transferring the case may be issued." (quoting *Leeds, Morelli & Brown, P.C. v. Hernandez*, No. 05-CV-1135, 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005))); *County of Nassau v. New York*, 724 F. Supp. 2d 295, 300 (E.D.N.Y. 2010) ("The Court will address plaintiffs' remand before addressing defendants' motions because the remand motion challenges the Court's jurisdiction to hear this case.  If the Court does not have jurisdiction, it does not have power to decide the

defendants' motions."); *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 558 (E.D.N.Y. 2010) ("When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." (citing *Stahl v. Stahl*, No. 03-CV-0405, 2003 WL 22595288, at *2, (S.D.N.Y. Nov. 7, 2003))); *Findwhat.Com v. Overture Servs., Inc.*, No. 02-CV-447, 2003 WL 402649, at *3 (S.D.N.Y. Feb. 21, 2003) ("Before a district court can consider a motion to transfer, it must determine whether it has subject-matter jurisdiction.").

Defendants' reliance on *Sinochem* is misplaced. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007). In *Sinochem*, the district court dismissed the case under the doctrine of *forum non conveniens* although it was unclear whether the court had personal jurisdiction over the defendant. The Supreme Court upheld the dismissal but stated, "[i]f, however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground." *Id.* at 436. The Supreme Court elaborated on the logic of deciding jurisdictional questions first, stating that "[i]n the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.'" *Id.* at 436 (quoting *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999)). Here, the jurisdictional question is indeed of no arduous inquiry. Accordingly, the Court decides Plaintiffs' motion to remand the case to the state court first.

### III. Motion to remand

#### a. Legal Standard

"To remove a case based on diversity jurisdiction, the diverse defendant must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly and Co.*, 654 F.3d 347, 356 (2d Cir. 2011) (citing 28 U.S.C. § 1446(a)). The Court recognizes that

4

"[c]omplete diversity of citizenship of the parties is required, since an 'action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Id.* (citing 28 U.S.C. § 1441(b)); *see also Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 119 (E.D.N.Y. 2010) ("Generally, a case may be removed from state court to federal court 'only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction.'" (citing *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005))).

The burden of proving federal jurisdiction lies with the party seeking removal. *See Veneruso v. Mount Vernon Neighborhood Health Ctr.*, No. 09-CV-8703, 2013 WL 1187445, at *2 (S.D.N.Y. Mar. 22, 2013) ("As a general matter, the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))). Furthermore, "[w]hen a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Co. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d. Cir. 1979) (citing *McNutt*, 298 U.S. at 189).

### b. The Court Lacks Jurisdiction

Defendants removed the present action from state court to federal court on the basis of diversity of citizenship. (Defs. Pet. of Rem.) "To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met." *Bounds v. Pine Belt*, 593 F.3d 209, 215 (2d Cir. 2010) (citing 28 U.S.C. § 1446). Here, because both Defendants are citizens of New York State, where the action was commenced, removal was improper pursuant to 28 U.S.C. § 1441(b)(2). *See Bounds*,

5

593 F.3d at 215 ("[A]n 'action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" (quoting 28 U.S.C. § 1441(b))); *see also Shapiro v. Logistec USA Inc.*, 412 F.3d 307 (2d Cir. 2005) (acknowledging that where the defendant is a citizen of the state in which the action was brought, removal is improper under 28 U.S.C § 1441(b)); *Woodward v. D.H. Overmyer*, 428 F.2d 880, 882 (2d Cir. 1970) (holding that the petition for removal was "bad" pursuant to 28 U.S.C. § 1441(b) and that "the action should therefore have been remanded" if the plaintiffs moved for remand). Consequently, the Court lacks subject matter jurisdiction and 28 U.S.C. § 1447(c) mandates that the Court remand this case to state court.

## IV. Motion to Transfer

Because the Court lacks jurisdiction over the present action and for the sake of judicial economy, the Court declines to address the merits of Defendants' motion to transfer venue to the District of New Hampshire.

## V. Conclusion

For the reasons discussed above, the case is remanded to the Supreme Court of the State of New York, Queens County.

SO ORDERED:
s/ MKB 10/17/2013

_____

MARGO K. BRODIE
United States District Judge

Dated: October 17, 2013
      Brooklyn, New York

6